# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM R. HARRIS, | ) |
| Movant, | ) |
| v. | ) No. 1:19-cv-00053-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of movant Jim R. Harris to appoint counsel. (Docket No. 2). For the reasons discussed below, movant's motion will be denied at this time.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelly*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Movant has demonstrated, at this point, that he can adequately present his

claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses. For now, however, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to appoint counsel (Docket No. 2) is **DENIED** at this time.

Dated this 25th day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE